IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>       Defendant. | Before: _____<br>     Judge<br><br>Court No. 20-03948 |

## COMPLAINT

Plaintiff American Manufacturers of Multilayered Wood Flooring ("Plaintiff"), by and through its attorneys, states the following claims against Defendant United States:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's ("Commerce") final affirmative determination in the antidumping duty administrative review of the antidumping duty order on multilayered wood flooring from the People's Republic of China for the period of review of December 1, 2017 through November 30, 2018. The final results in this administrative review were published in the *Federal Register* on December 3, 2020. *Multilayered Wood Flooring From the People's Republic of China*, 85 Fed. Reg. 78,118 (Dep't Commerce Dec. 3, 2020) (final results of antidumping duty admin. rev. and new shipper rev. and final deter. of no shipments; 2017-2018) ("Final Results").

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *codified as amended at* 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(iii).

**Court No. 20-03948**

## STANDING

3. Plaintiff is an *ad hoc* association whose members manufacture the domestic like product in the United States. As such, Plaintiff is an "interested" party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(E). In addition, Plaintiff participated in the administrative review which led to the challenged final results, and accordingly has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(a)(2)(A).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a summons on December 31, 2020, within thirty days after the date of publication of the final results of the administrative review being contested. Summons (Dec. 31, 2020), ECF No. 1. Plaintiff is filing the Complaint within thirty days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On March 14, 2019, the initiation of the administrative review of the antidumping duty order on multilayered wood flooring from the People's Republic of China for the period of review of December 1, 2017 through November 30, 2018 was published in the *Federal Register*. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 9297 (Dep't Commerce Mar. 14, 2019).

6. Following the initiation of this review, Commerce selected two companies, Fusong Jinlong Group ("Jinlong") and Jiangsu Guyu International Trade Co., Ltd. ("Guyu") as mandatory respondents and, consequently, issued questionnaires to these companies. *See* Preliminary Determination Memorandum accompanying *Multilayered Wood Flooring From the People's Republic of China*, 85 Fed. Reg. 6911 (Dep't Commerce Feb. 6, 2020) (prelim. results of the

antidumping duty admin. rev. and new shipper rev., prelim. deter. of no shipments, and rescission of review, in part; 2017-2018) at 3 ("Prelim. Memo").

7. Consistent with its normal practice in antidumping proceedings concerning non-market economies, including China, Commerce's questionnaires requested information on, *inter alia*, the factors of production used in the production of the merchandise under consideration. *See id.* at 29. Likewise, Commerce also solicited and collected information from interested parties regarding the selection of surrogate value data to be used to value the respondents' factors of production. *See id.* at 3.

8. On January 31, 2020, Commerce issued its preliminary determination, in which it calculated a margin of 0% for Jinlong, Guyu, and the companies eligible for a separate rate. *Multilayered Wood Flooring From the People's Republic of China*, 85 Fed. Reg. 6911, 6913 (Dep't Commerce Feb. 6, 2020) (prelim. results of the antidumping duty admin. rev. and new shipper rev., prelim. deter. of no shipments, and rescission of review, in part; 2017-2018). In its preliminary determination, based on the information submitted by the parties, Commerce selected Romania as the surrogate country and valued the factors of production based on Romania data. *See* Prelim. Memo at 21. Commerce also valued certain inputs using information on market economy input purchases. *See id.* at 29-30.

9. Following the issuance of the preliminary results, Plaintiff submitted a case brief identifying a number of issues in Commerce's preliminary determination. *See* Issues and Decision Memorandum accompanying *Multilayered Wood Flooring From the People's Republic of China*, 85 Fed. Reg. 78,118 (Dep't Commerce Dec. 3, 2020) (final results of antidumping duty admin. rev. and new shipper rev. and final deter. of no shipments; 2017-2018) at 1-2 ("I&D Memo"). Plaintiff argued, *inter alia*, that Commerce incorrectly calculated the surrogate values for the

**Court No. 20-03948**

financial ratios (*i.e.*, overhead, selling, general, and administrative expenses, and profit), incorrectly calculated the surrogate value for labor, and relied on incorrect data to value certain inputs. *Id.* at 6-14.

10.     With respect to the calculation of the financial ratios, Plaintiff argued that the manner in which Commerce allocated the costs in the financial statement for Romanian producer Sigstrat S.A. ("Sigstrat") resulted in financial ratios that did not properly reflect the company's experience. *See id.* at 7. Instead, Plaintiff provided a revised calculation of the financial ratios that allocated costs in a manner consistent with how Sigstrat treated them. *See id.* With respect to labor, Plaintiff argued that Commerce did not rely on the best available information to value or to calculate the surrogate labor cost. *See id.* at 8-9. Specifically, Plaintiff argued that Commerce should rely on gross monthly wages for manufacturing instead of net earnings, as the former better reflect full labor costs, and should calculate a cost per hour based on average annual hours worked reported for certain Organization of Economic Co-operation and Development ("OECD") countries. *See id.* With respect to the surrogate value for glue, Plaintiff argued that Commerce did not rely on the proper Harmonized Tariff Scheduled ("HTS") number to value the input at issue. *See id.* at 14. In particular, Plaintiff argued that there was no reason to believe that the glue used in the production of the merchandise under consideration was of the type covered by HTS 3506.91.10, *i.e.*, of a kind "used solely or principally for the manufacture of flat panel displays or touch-sensitive screen panels{,}" and that glue should instead be valued using data for HTS 3506.91.90 or, in the alternative, HTS 3506.91. *Id.*

11.     On November 20, 2020, Commerce issued its final determination, addressing the arguments raised by Plaintiff and the other parties. *Id.* at 6-27. With respect to its calculation of the financial ratios, Commerce agreed that its calculation in the preliminary determination was

**Court No. 20-03948**

incorrect and adjusted its calculation, although it did not rely on the calculation proposed by Plaintiff. *Id.* at 8. With respect to the labor surrogate value, Commerce disagreed with Plaintiff and continued to use net earnings data because it was specific to the input at issue and contemporaneous with the period of review. *Id.* at 12. Commerce also declined to modify the calculation of the hourly labor rate, stating that the OECD data were not specific to Romania and were unrelated to the source data used. *Id.* at 13. With respect to the valuation of glue, Commerce rejected Plaintiff's argument, stating that Plaintiff had failed to demonstrate that HTS 3506.91.10 did not represent the type of glue used by the respondents. *Id.* at 15.

12. Commerce's final results were published in the *Federal Register* on December 3, 2020, in which the agency continued to calculate a margin of 0% for Jinlong, Guyu, and the separate rate companies. Final Results, 85 Fed. Reg. at 78, 119. Shortly thereafter, Plaintiff submitted ministerial error comments, outlining various calculation errors in Commerce's final determination. *See* Memorandum from Irene Darzenta Tzafolias, Director, Off. VIII, AD/CVD Operations, to James Maeder, Deputy Assistant Sec'y, AD/CVD Operations, re: *Antidumping Duty Administrative Review of Multilayered Wood Flooring from the People's Republic of China; 2017-2018: Response to Allegation of Ministerial Errors in the Final Results* (Jan. 15, 2021). While Commerce corrected the errors identified by Plaintiff, it did not issue an amended final determination, as the calculated dumping margins did not change after correction of the ministerial errors. *Id.* at 1.

## CLAIMS AND BASIS FOR RELIEF

### Count I

13. Plaintiff hereby realleges and incorporates by references paragraphs 1 through 12.

14. Commerce's calculation of the surrogate financial ratios is not supported by substantial evidence and otherwise is not in accordance with law.

## Count II

15. Plaintiff hereby realleges and incorporates by references paragraphs 1 through 14.

16. Commerce's calculation of surrogate labor rate was not supported by substantial evidence and was otherwise contrary to law.

## Count III

17. Plaintiff hereby realleges and incorporates by references paragraphs 1 through 16.

18. Commerce's calculation of the surrogate value for glue was not supported by substantial evidence and was otherwise contrary to law.

## Count IV

19. Plaintiff hereby realleges and incorporates by references paragraphs 1 through 18.

20. Commerce's calculation of the dumping margin for the companies eligible for a separate rate, which was based on the dumping margin calculated for Jinlong and Guyu, was not supported by substantial evidence and was otherwise contrary to law.

**Court No. 20-03948**

## REQUEST FOR JUDGEMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that Commerce's final determination in the antidumping duty administrative review of *Multilayered Wood Flooring from the People's Republic of China* is not supported by substantial evidence and is otherwise not in accordance with law; and

2) Remand the final determination to Commerce for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Stephanie M. Bell, Esq.

**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel for the American Manufacturers of Multilayered Wood Flooring*

Date: February 1, 2021

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*American Manufacturers of Multilayered Wood Flooring v. United States*
**Court No. 20-03948**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on February 1, 2021.

                                                /s/ Nicole C. Hager

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 S
Washington, DC 20004

Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1090 Vermont Ave., NW
Suite 410
Washington, DC 20005

Craig A. Lewis, Esq.
**Hogan Lovells US LLP**
555 Thirteenth St., NW
Washington, DC 20004

Adams Lee, Esq.
**Harris Bricken McVay Sliwoski, LLP**
600 Stewart St.,
Suite 1200
Seattle, WA 98101

Ronald M. Wisla, Esq.
**Fox Rothschild LLP**
1030 Fifteenth St., NW
Suite 380
Washington, DC 20005

Jeffrey S. Neeley, Esq.
**Husch Blackwell LLP**
750 Seventeenth St., NW
Suite 900
Washington, DC 20006

Francis J. Sailer, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Washington, DC 20005

Kristin H. Mowry, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Ave., NW
Suite 810
Washington, DC 20015

Matthew T. McGrath, Esq.
**Barnes Richardson & Colburn**
1200 New Hampshire Ave., NW
Suite 725-B
Washington, DC 20036

David Craven, Esq.
**Craven Trade Law LLC**
3744 N Ashland
Chicago, IL 60613

Zhang Ye, Esq.
**Beijing Kang Da Law Firm**
Fifth Floor, Building C
International Wonderland
Xindong Rd., Chaoyang District
Beijing, 100027, China

Adriana C. Korn, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Ave., NW
Washington, DC 20036-1795

Attorney in Charge
International Trade Field Office
**U.S. Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Shengxing Yu, Esq.
**Hiways Law Offices**
69 Dongfang Rd.
Tower A, Fifteenth Floor
Eton Place, Pudong
Shanghai, 200120

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230

Sonia M. Orfield, Esq.
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044